**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

     Of Attorneys for Plaintiff


# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION


| | |
|---|---|
| ABDULLAH NAJM ABDULLAH NAJM, | Case No. 3:17-cv-1714 |
| Plaintiff, | **COMPLAINT** |
| | UNLAWFUL EMPLOYMENT ACTION |
| v. | Title VII Discrimination, Retaliation and supplemental state law claims |
| CITY OF PORTLAND, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## I. PRELIMINARY STATEMENT

1.      Plaintiff brings this action to remedy violations of Plaintiff's statutory rights

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*; as well as

supplementary state claims. Plaintiff seeks equitable relief as well as compensatory damages,

PAGE 1 – COMPLAINT

attorneys' fees and costs.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1343, civil rights jurisdiction.

3.      Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4.      All preconditions to jurisdiction pursuant to 42 U.S.C. § 2000e-5 have been satisfied.

      a.      On April 25, 2017, Plaintiff filed a charge of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries (BOLI), case number EEEMRC170504-10592, for violation of Title VII of the Civil Rights Act of 1964 and Oregon Unlawful Employment Practice. BOLI co-filed a charge with the Equal Employment Opportunity Commission (EEOC), charge number 38D-2017-00510C.

      b.      On July 31, 2017, BOLI issued Plaintiff a right to sue letter for case number EEEMRC170504-10592.

5.      Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

6.      On March 3, 2017, Plaintiff, through his attorney, mailed to Defendant City of Portland notice of tort claim against Defendant City of Portland. On March 8, 2017, Plaintiff, through his attorney, mailed to Defendant City of Portland a supplemental notice of tort claim against Defendant City of Portland.

PAGE 2 – COMPLAINT

### III. PARTIES

7.      Plaintiff Abdullah Najm Abdullah Najm is a citizen of the United States. At all times material, Plaintiff worked for Defendant in Multnomah County, Oregon.

8.      Defendant City of Portland is a public body, conducting regular, sustained business activity in Portland, Multnomah County, Oregon.

9.      At all times relevant, Defendant's employees and supervisors as their conduct is alleged herein, including Park Ranger manager, Galina Burly (hereafter "Burly"), Park Ranger supervisor, Vicente Harrison (hereafter "Harrison"), and Human Resources Director, Anna Kanwit (hereafter "Kanwit"), were acting within the course and scope of their employment with Defendant.

### IV. GENERAL FACTUAL ALLEGATIONS

10.     Abdullah Najm is a native of Iraq. Abdullah Najm's religion is Islam. He identifies as a Muslim.

11.     While living in Iraq, Abdullah Najm was recruited by the United States Army to serve as a translator. On May 11, 2007, Abdullah Najm took an oath to serve in the United States Army and formally joined the United States Army as a language specialist. On August 1, 2010, Abdullah Najm completed military service for the United States and received an honorary discharge from the United States Army.

12.     Abdullah Najm has a service-connected disability. He is a disabled veteran.

13.     On August 2, 2010, Abdullah Najm moved to the United States at the invitation of the United States Army. When Abdullah Najm moved to the United States, he left his wife and

PAGE 3 – COMPLAINT

family behind in Iraq.

14.     In June 2013, Abdullah Najm started working for Defendant City of Portland. He was employed as a seasonal park ranger in Parks and Recreation.

15.     On November 7, 2013, Abdullah Najm re-enlisted with Unites States Army. On March 28, 2014, his second enlistment with the United States Army ended when the Army granted Abdullah Najm a hardship discharge. On April 20, 2014, Abdullah Najm applied for the full-time position with Defendant as a full-time permanent park ranger and listed his status as a veteran. In April 2014, Abdullah Najm was reemployed by Defendant as a seasonal park ranger.

16.     On September 8, 2015, November 17, 2015, and August 15, 2016, Abdullah Najm applied for full-time permanent park ranger positions. Each time he listed himself as a veteran. Defendant failed to hire him into a permanent full-time park ranger position.

17.     On May 11, 2016, Abdullah Najm became a citizen of the United States of America.

18.     On June 14, 2016, while working as a park ranger with Defendant, performing foot patrol at Holladay Park, Abdullah Najm was attacked by a park user and injured. Abdullah Najm then made a workers' compensation claim for his on-the-job injury.

19.     On September 24, 2016, Abdullah Najm asked supervisor Harrison why he did not get the park ranger job he applied for based on his education, and veteran status. Harrison said that there is no experience or education required for the position and did not address the veteran's preference issue. Abdullah Najm then spoke to Burly about why he was not given a veterans' preference in public employment. Burly said Abdullah Najm was not entitled to a veteran's preference, but did not say why.

20.     On October 25, 2016, Abdullah Najm asked Harrison to come with him to the

PAGE 4 – COMPLAINT

court on November 1, 2016, when Abdullah Najm was scheduled to appear as a witness in a

criminal case involved the man who attacked and injured him. Harrison said to Abdullah Najm,

"You go by yourself in civilian clothes, not in your uniform." Abdullah Najm asked Harrison

why he wanted him to appear in civilian clothing. Harrison said, "Because you pressed charges,

not the City, so it's your personal problem."

      21.     On October 31, 2016, Harrison told Abdullah Najm that one of the reasons he was

not hired for a full-time permanent park ranger position was that he "does not speak English

professionally." Abdullah Najm asked Harrison what he meant by that. Harrison said, "Have you

ever listened to yourself speaking English? You have an accent."

      22.     On January 1, 2017, Abdullah Najm sent Harrison a text asking why he was not

on the park rangers' schedule and asked what my new schedule was. Harrison did not respond

that day.

      23.     On January 10, 2017, Harrison finally responded and asked Abdullah Najm to

send him in writing his availability to work. Abdullah Najm sent his availably to work to

Harrison by text and email.

      24.     On January 19, 2017, Abdullah Najm called Harrison to ask him when he could

work because he had not worked as a park ranger since December 31, 2016. Harrison replied,

"Call me next Tuesday."

      25.     On January 20, 2017, Abdullah Najm received a call from Harrison asking him to

meet with him in Human Resources the next day and to bring in his park ranger uniforms. When

Abdullah Najm asked Harrison why he wanted him to bring in his uniforms, Harrison said "we

are filing you." Abdullah Najm told Harrison he could not meet the next day because he was

working at his second job. After this January 20, 2017 call, Abdullah Najm was unable to log in

PAGE 5 – COMPLAINT

to the work app or to his work email.

26.    On Monday, January 23, 2017, Abdullah Najm met with Kanwit. Abdullah Najm handed Kanwit a letter in which he discussed my concerns about the way he was being treated by Defendant and Defendant's failure to grant him veterans' preference. Kanwit did not respond.

## FIRST CLAIM FOR RELIEF

### (Title VII Civil Rights Act of 1964, 42 U.S.C. §2000e-2)

### Count I – National Origin Discrimination

27.    Abdullah Najm realleges all prior relevant paragraphs as if fully set forth herein.

28.    At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

29.    Defendant discriminated against Abdullah Najm with respect to the terms and conditions of his employment because of his national origin.

30.    Defendant had no business necessity in failing to hire Abdullah Najm because of his national origin.

31.    Defendant had no business necessity in firing Abdullah Najm because of his national origin.

32.    Plaintiff is entitled to equitable relief and damages as set forth below.

### Count II – Race Discrimination

33.    Abdullah Najm realleges all prior relevant paragraphs as if fully set forth herein.

34.    At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

35.    Defendant discriminated against Abdullah Najm with respect to the terms and conditions of his employment because of his race.

PAGE 6 – COMPLAINT

36.    Defendant had no business necessity in failing to hire Abdullah Najm because of his race.

37.    Defendant had no business necessity in firing Abdullah Najm because of his race.

38.    Plaintiff is entitled to equitable relief and damages as set forth below.

### Count III – Religious Discrimination

39.    Abdullah Najm realleges all prior relevant paragraphs as if fully set forth herein.

40.    At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

41.    Defendant discriminated against Abdullah Najm with respect to the terms and conditions of his employment because of his religion.

42.    Defendant had no business necessity in failing to hire Abdullah Najm because of his religion.

43.    Defendant had no business necessity in firing Abdullah Najm because of his religion.

44.    Plaintiff is entitled to equitable relief and damages as set forth below.

### Count IV – National Origin Retaliation

45.    Abdullah Najm realleges all prior relevant paragraphs as if fully set forth herein.

46.    At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

47.    Defendant retaliated against Abdullah Najm with respect to the terms and conditions of his employment because he opposed unlawful national origin discrimination.

48.    Plaintiff is entitled to equitable relief and damages as set forth below.

### Count IV – Race Retaliation

PAGE 7 – COMPLAINT

49.    Abdullah Najm realleges all prior relevant paragraphs as if fully set forth herein.

50.    At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

51.    Defendant retaliated against Abdullah Najm with respect to the terms and conditions of his employment because Abdullah Najm opposed discrimination based on his race.

52.    Plaintiff is entitled to equitable relief and damages as set forth below.

### Count IV – Religious Retaliation

53.    Abdullah Najm realleges all prior relevant paragraphs as if fully set forth herein.

54.    At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

55.    Defendant retaliated against Abdullah Najm with respect to the terms and conditions of his employment because Abdullah Najm opposed discrimination based on his religion.

56.    Plaintiff is entitled to equitable relief and damages as set forth below.

### SECOND CLAIM FOR RELIEF

### (Unlawful Employment Practice – ORS 659A.030(1)(b))

### Count I – National Origin Discrimination

57.    Abdullah Najm realleges all prior relevant paragraphs as if fully set forth herein.

58.    Defendant is an "employer" within the meaning of ORS 659A.001(4) and ORS 659A.030.

59.    In violation of ORS 659A.030(1)(b), Defendant discriminated against Abdullah Najm with respect to the terms and conditions of his employment because of Abdullah Najm's national origin.

PAGE 8 – COMPLAINT

60.      Plaintiff is entitled to equitable relief and damages as set forth below.

## Count II – Race Discrimination

61.      Abdullah Najm realleges all prior relevant paragraphs as if fully set forth herein.

62.      In violation of ORS 659A.030(1)(b), Defendant discriminated against Abdullah Najm with respect to the terms and conditions of his employment because of Abdullah Najm's race.

63.      Plaintiff is entitled to equitable relief and damages as set forth below.

## Count III – Religious Discrimination

64.      Abdullah Najm realleges all prior relevant paragraphs as if fully set forth herein.

65.      In violation of ORS 659A.030(1)(f), Defendant discriminated against Abdullah Najm with respect to the terms and conditions of his employment because of Abdullah Najm's religion.

66.      Plaintiff is entitled to equitable relief and damages as set forth below.

## Count IV – National origin Retaliation

67.      Abdullah Najm realleges all prior relevant paragraphs as if fully set forth herein.

68.      In violation of ORS 659A.030(1)(f), Defendant discriminated and retaliated against Abdullah Najm with respect to the terms and conditions of his employment because Abdullah Najm opposed Defendant's national origin discrimination against Abdullah Najm.

69.      Plaintiff is entitled to equitable relief and damages as set forth below.

## Count V – Race Retaliation

70.      Abdullah Najm realleges all prior relevant paragraphs as if fully set forth herein.

71.      In violation of ORS 659A.030(1)(f), Defendant discriminated and retaliated against Abdullah Najm with respect to the terms and conditions of his employment because

PAGE 9 – COMPLAINT

Abdullah Najm opposed Defendant's race discrimination against Abdullah Najm.

72.    Plaintiff is entitled to equitable relief and damages as set forth below.

### Count VI – Religious Retaliation

73.    Abdullah Najm realleges all prior relevant paragraphs as if fully set forth herein.

74.    In violation of ORS 659A.030(1)(f), Defendant retaliated against Abdullah Najm with respect to the terms and conditions of his employment because Abdullah Najm opposed Defendant's religious discrimination against Abdullah Najm.

75.    Plaintiff is entitled to equitable relief and damages as set forth below.

### THIRD CLAIM FOR RELIEF

### (ORS Chapter 659A.040 - Injured Worker Discrimination and Retaliation)

76.    Plaintiff realleges all relevant paragraphs as though fully set forth herein.

77.    Defendant discriminated and retaliated against Plaintiff by changing the terms and conditions of Plaintiff's employment. Defendant's actions violated ORS 659A.040, are an unlawful employment practice, and caused Plaintiff economic and noneconomic damages.

78.    Defendant's unlawful employment actions were taken against Plaintiff in substantial part because of one or more of the following:

(A)    Plaintiff reported an on-the-job injury;

(B)    Plaintiff applied for benefits, invoked or utilized the procedures provided in ORS Chapter 656;

(C)    Plaintiff was on light duty for Plaintiff's on-the-job injury as specified by Plaintiff's surgeon and physicians.

79.    As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

PAGE 10 – COMPLAINT

## FOURTH CLAIM FOR RELIEF

### (ORS Chapter 659A.199 – Whistleblower)

80.    Plaintiff re-alleges all relevant paragraphs as though fully restated herein.

81.    Plaintiff reported to Defendant conduct that Plaintiff believed was evidence of a violation of state or federal law, rule, or regulation.

82.    Defendant discriminated and retaliated against Plaintiff because of the report made by Plaintiff. Defendant's actions violated ORS 659A.199, are an unlawful employment practice, and caused Plaintiff economic and noneconomic damages.

83.    As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

## FIFTH CLAIM FOR RELIEF

### (ORS Chapter 659A.230 – Whistleblower)

84.    Plaintiff re-alleges all relevant paragraphs as though fully set forth herein.

85.    Plaintiff reported criminal activity, filed a complainant's information or complaint against a person, and cooperated with a law enforcement agency conducting a criminal investigation.

86.    Defendant discriminated and retaliated against Plaintiff because of the reports made by Plaintiff. Defendant's actions violated ORS 659A.230, are an unlawful employment practice, and caused Plaintiff economic and non-economic damages.

87.    As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

## DAMAGES FOR PLAINTIFF'S FIRST THROUGH FIFTH CLAIMS

PAGE 11 – COMPLAINT

88.    Plaintiff is entitled to equitable relief, including, but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

89.    Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

90.    Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other non-pecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

91.    Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendant should be assessed punitive damages in an amount as fixed by a jury to punish Defendant and to deter such conduct in the future.

92.    Plaintiff is entitled to a declaration that the conduct of Defendant violated his statutory rights, as alleged above.

93.    Plaintiff is entitled to equitable relief, including, but not limited to, reinstatement to employment with Defendant, as well as an award of back pay and lost benefits. If appropriate, Plaintiff should be reinstated and awarded past economic damages in an amount determined fair by a jury.

94.    If reinstatement is not appropriate, then Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

PAGE 12 – COMPLAINT

95.    Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

96.    To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

97.    Pursuant to 42 U.S.C. § 2000e, 42 U.S.C. § 1988, ORS 659A.885, and ORS 20.107, Plaintiff is entitled to recover his reasonable attorneys' fees and costs, including expert witness fees.

98.    Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid

## SIXTH CLAIM FOR RELIEF

### (Wrongful Termination)

99.    Plaintiff realleges all relevant paragraphs as though fully set forth herein.

100.    Defendant's conduct, as alleged, was in retaliation for Plaintiff assertion of Plaintiff's state and federally protected rights to work in an environment free from discrimination, harassment, and otherwise hostile work environments, and as such constitutes a wrongful discharge under state common law.

101.    Plaintiff's remedies under state and federal statutory law do not constitute a complete remedy for the damage Defendant has inflicted.

102.    As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

103.    Plaintiff is entitled to equitable relief, including, but not limited to, a declaration

PAGE 13 – COMPLAINT

that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

104.    Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

105.    Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other non-pecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

106.    Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendant should be assessed punitive damages in an amount as fixed by a jury to punish Defendant and to deter such conduct in the future.

107.    To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

108.    Pursuant to ORS 20.107, Plaintiff is entitled to an award of attorneys' fees and expert witness fees.

109.    Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**PRAYER FOR RELIEF**

Plaintiff prays for the following judgment against Defendant:

1.    A sum which will fully compensate Plaintiff for Plaintiff's non-economic damages in a sum that is just as determined by a jury;

PAGE 14 – COMPLAINT

2.      A sum which will fully compensate Plaintiff for Plaintiff's economic damages in

a sum that is just as determined by a jury;

3.      Equitable relief, including, but not limited to, reinstatement if Plaintiff so chooses;

4.      Plaintiff's costs and disbursements incurred herein;

5.      Plaintiff's attorneys' fees; and

6.      For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: October 27, 2017

Law Offices of Daniel Snyder

*/s/ Daniel Snyder*
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 061058
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 15 – COMPLAINT