IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ABDULLAH NAJM ABDULLAH NAJM,

Plaintiff,

v.

CITY OF PORTLAND,

Defendant.

Case No. 3:17 -cv-01714-SB

**FINDINGS AND RECOMMENDATION**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Abdullah Najm Abdullah Najm filed an Unopposed Motion for Attorney Fees (ECF No. 16), requesting an award of attorney's fees, costs, and litigation expenses in the amount of $8,882.32. For the reasons set forth below, the district judge should grant the motion and award attorney's fees in the amount of $8,377.50, and costs and expenses in the amount of $504.82, for a total award of $8,882.32.

**BACKGROUND**

Plaintiff filed this employment discrimination and retaliation action against defendant City of Portland on October 27, 2017. (ECF No. 1.) On December 21, 2017, prior to filing an answer, Defendant served on Plaintiff an offer of judgment in the amount of $10,001.00 plus

PAGE 1 – FINDINGS AND RECOMMENDATION

reasonable attorney's fees and costs incurred as of the date of the offer of judgment. (ECF No. 12-1.) Plaintiff accepted Defendant's offer of judgment on January 3, 2018. (ECF No. 12.)

## DISCUSSION

### I.    Attorney's Fees

#### A.    Legal Standard

"Under the 'American rule,' litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." *Grove v. Wells Fargo Fin. Cal., Inc.,* 606 F.3d 577, 579 (9th Cir. 2010) (quotation omitted). Here, the parties agreed that Defendant will pay Plaintiff's reasonable attorney's fees and costs incurred as of December 21, 2017.

The calculation of a reasonable fee award begins with calculating the lodestar figure, by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1993). In determining the lodestar figure, the court may consider the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975). These factors include the novelty or difficulty of the case, the preclusion of other employment, time limitations, the amount at stake, the results obtained, and the undesirability of the case. *Id.*

The court must review the requested fee award for reasonableness, even if no objection has been raised to the number of hours billed or the hourly rate applied. *See Gates,* 987 F.2d at 1401 (finding that the "district court [is] required to independently review plaintiffs' fee request

even absent defense objections").[1] The court possesses "considerable discretion" in determining the reasonableness of a fee award. *Webb v. Ada Cty.*, 195 F.3d 524, 526 (9th Cir. 1999).

**B.      Analysis**

Plaintiff seeks attorney's fees in the amount of $7,470.00 for attorney Daniel Snyder at a rate of $450/hour, and $907.50 for attorney John Burgess at a rate of $275/hour.

### 1.      Reasonableness of Requested Rates

The law is well established that a reasonable hourly rate is determined by looking at the prevailing rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007) (district court abused its discretion in ERISA case when it awarded attorney's fees at an hourly rate of $250, because declarations from comparable ERISA lawyers showed that "the market sustain[ed] a rate above $400 per hour" for comparable work). "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determination in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Welch,* 480 F.3d at 947.

---

[1] Plaintiff argues in its supplemental briefing that his fee request is reasonable because the parties agree it is reasonable. (Pl.'s Suppl. Information at 2.) However, where the parties have requested court approval of a fee award, the court has an independent duty to review the requested award for reasonableness. *See Gates,* 987 F.2d at 1401.

PAGE 3 – FINDINGS AND RECOMMENDATION

The best evidence of the prevailing rate in Portland, Oregon is the 2012 Economic Survey conducted by the Oregon State Bar ("OSB").[2] *See McElmurry v. U.S. Bank Nat'l Assoc.*, No. 04-cv-00642-HA, 2008 WL 1925119, at *3 (D. Or. Apr. 30, 2008) (finding that in this district, the Oregon State Bar's Economic Survey "is a bellwether for the market price of attorney services in Portland, and the court affords it significant weight in at least establishing a starting point for reasonable rates"); *see also Copeland-Turner v. Wells Fargo Bank, N.A.*, No. No. 11-cv-00037-HZ, 2012 WL 92957, at *2 (D. Or. Jan. 11, 2012) ("Judges in the District of Oregon use the Oregon State Bar Economic Survey . . . as a benchmark for assessing the reasonableness of hourly billing rates."). The Economic Survey sets forth rates actually charged by Oregon attorneys in the relevant year, including rates specific to communities such as Portland. *See, e.g., Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002).

Mr. Snyder has been practicing law for thirty-eight years, and his requested billing rate of $450 is between the 75th and 95th percentile for Portland area attorneys with more than thirty years of experience. The Honorable Michael Simon recently found Mr. Snyder's $450 billing rate to be reasonable, after considering his experience and the OSB's Economic Survey, as adjusted for inflation. *See Trimble v. Kroger Co.*, No. 3:17-cv-00230, 2017 WL 6419115, at *3 (D. Or. Dec. 15, 2017); *see also Arnold v. Pfizer, Inc.*, No. 3:10-cv-01025-AC, 2015 WL 4603326, at *2 (D. Or. July 29, 2015) (finding Mr. Snyder's billing rate of $400 to be reasonable in 2015). Defendant does not object to Mr. Snyder's billing rate. This Court agrees with Judge Simon that Mr. Snyder's billing rate of $450 is reasonable.

---

[2] The 2012 Economic Survey sets forth compensation data for the year ended December 31, 2011. *See* https://www.osbar.org/surveys_research/12EconSurvey.html (last visited June 29, 2018). The 2012 Economic Survey was last revised in July 2013.

Mr. Burgess has been practicing law for over seven years, and his requested rate of $275 is less than the 75th percentile rate of $295 for attorneys with 7-9 years of experience in Portland. Defendant does not object to Mr. Burgess' billing rate. The Court finds that $275 per hour is a reasonable billing rate for Mr. Burgess. *See Trimble*, 2017 WL 6419115, at *3 (finding Mr. Burgess' $275 billing rate to be reasonable); *see also Mumford v. Eclectic Institute, Inc.*, No. 3:15-cv-00375-AC, 2016 WL 8711693, at *2 (D. Or. Apr. 29, 2016) (finding Mr. Burgess' billing rate of $225 to be reasonable for work performed in 2015 and 2016).

### 2.    Reasonableness of Requested Hours

Plaintiff requests compensation for 16.6 hours of Mr. Snyder's time and 3.3 hours of Mr. Burgess' time. In support of the requested hours, Plaintiff submitted billing records showing the time each attorney spent on various tasks. Defendant does not object to the amount of billable time Plaintiff requests.

After a careful review of the billing invoices, the Court finds that the total number of requested hours is reasonable. Although Plaintiff is aware of the Court's concerns with attorneys billing for clerical tasks and billing .1 hour for reviewing ECF notices,[3] Plaintiff has made an effort where possible to congregate billing entries for emails received on the same day, so that counsel is sometimes requesting .1 hour for reviewing more than one email, instead of just one email. Although the Court remains concerned that billing .1 hour for reading every email

---

[3] *See, e.g., Mumford*, 2016 WL 8711693, at *6 (D. Or. Apr. 29, 2016) ("[Plaintiff's counsel] has billed separately for each email sent or received on this matter at a standard rate of .1 hours. The Court is discouraged by this continued practice."); *Arnold*, 2015 WL 4603326, at *9 (cautioning that "the practice of billing .1 hour for each and every email masks excess and redundancies"); *see also Miller v. Schmitz*, No. 1:12-cv-00137-LJO-SAB, 2017 WL 633892, at *7 (E.D. Cal. Feb. 15, 2017) (excluding time billed at .1 hour increments for receiving automatic ECF notices, because "[r]eceipt and review of these emails is entirely clerical in nature, particularly as Plaintiff's counsel billed separately to review the substantive underlying document, order, or minute order text").

(regardless of length or content) may inflate counsel's bill,[4] opposing counsel is in a better position to police that issue where opposing counsel is the sender or recipient of many of the relevant emails. Opposing counsel has raised no objection here, which provides the Court with some assurance that Plaintiff's request is reasonable. In addition, Plaintiff has not requested fees for any time spent on this case after December 21, 2017, and clearly Plaintiff has incurred fees after that date, including to prepare his fee application. For these reasons, the Court finds that on balance, the amount of hours requested is reasonable.

## CONCLUSION

This Court respectfully recommends that the district judge GRANT Plaintiff's Motion for Attorney Fees (ECF No. 16), and award attorney's fees in the amount of $8,377.50, and costs and expenses in the amount of $504.82, for a total award of $8,882.32.

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 29th day of June 2018.

STACIE F. BECKERMAN
United States Magistrate Judge

---

[4] It takes only seconds to read some emails. Even if counsel spent one full minute reviewing an email, if he instead bills six minutes (*i.e.,* .1 hour) to read that email he could bill his clients for six hours of work that took him just one hour to perform (*i.e.,* 60 emails reviewed in one hour x .1 hour for each email = 6 hours of billable time in one hour).